# Attachment A
# Declaration of Bradley O'Brien

SAM HIRSCH
Acting Assistant Attorney General
Environment & Natural Resources Division
BRADLEY R. O'BRIEN
Environmental Enforcement Section
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California  94105
Telephone: (415) 744-6484
E-mail:  brad.obrien@usdoj.gov

ALICIA A.G. LIMTIACO
United States Attorney
MIKEL SCHWAB
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez
Hagatna, Guam  96910
Tel:  (671) 472-7332
E-mail:  mikel.schwab@usdoj.gov

## UNITED STATES DISTRICT COURT FOR
## THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   vs.<br><br>COMMONWEALTH UTILITIES CORPORATION, and the COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS,<br><br>     Defendants. | Case No. 08-cv-0051<br><br>**DECLARATION OF BRADLEY O'BRIEN IN SUPPORT OF UNITED STATES' RESPONSE TO CUC'S MOTION TO CONSTRUE AND CLARIFY ORDER**<br><br>Judge:   Hon. David O. Carter<br><br>Hearing Date:  TBD<br>Time:<br>Location: |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **DECLARATION OF BRADLEY O'BRIEN**

I, Bradley O'Brien, declare the following:

1.      I submit this declaration in support of United States' Response to CUC's Motion to Construe and Clarify Order.

2.      I am a Senior Attorney with the Environmental Enforcement Section of the United States Department of Justice ("DOJ") and one of the attorneys representing the United States in this action.  I am licensed in the State of California.

3.      At a March 17, 2014 status conference, the Court stated that CUC and the United States are in an adversarial proceeding.  The Court directed CUC that CUC can no longer seek substantive relief from the Court through electronic mail (email), and that the formal filing requirements apply and must be followed.  The Court also instructed CUC that, unless the Court ordered otherwise, substantive hearings would be held in person and not via videoconference.

4.      On October 23, 2014, EPA responded in writing to EEMC Order issues raised by CUC. On November 5, 2014 PST, I sent an email to Mr. Sirok stating "Jim, I received your voicemail, let's set – up a time to discuss your concerns.  When are you available?  Brad."  Mr. Sirok did not respond to the email, and only subsequently contacted me on November 25, 2014.

5.      During a "meet and confer" telephone call held on December 4, 2014 PST, the United States pointedly objected to CUC using an informal email ("CUC email request") to the Court raising substantive issues regarding CUC's and the EEMC's obligations under Stipulated Order Number Two ("SO2") and the EEMC Order.  The United States admonished CUC for violating the Court's unambiguous direction forbidding CUC from continuing CUC's past practice of seeking Court resolution through email exchanges.

6.      During the December 4, 2014 PST telephone call, the United States made abundantly clear to CUC that CUC was fully aware that its informal email request violated the Court's direction, the Federal Rules of Civil Procedure and the CNMI Local Rules (*e.g*., L.R. 1.5).  *Id*.  Only after the United States strenuously objected to CUC's email request and rightly insisted that formal documents be filed in the normal manner did CUC file the instant request.

7.      Within two hours of the Court signing the EEMC Order and before the parties exited the courthouse, CUC requested  EPA to endorse the transfer of the Smithbridge pipeline construction project to the EEMC - notwithstanding the Court's and EPA's substantial concerns with Smithbridge's poor work relating to the pipeline.

8.      Exhibit 1 to this declaration is a true and correct copy of the October 3, 2014 letter sent by me to James Sirok (Counsel to CUC), David J. Sablan (Chairman – Board of Directors of CUC); and Alan W. Fletcher (Executive Director of CUC).  Messrs. Sirok, Sablan, and Fletcher did not respond to the October 3, 2014 letter.

Executed this 12th day of December, 2014, in San Francisco, California.


/s/Bradley O'Brien
BRADLEY O'BRIEN

# Exhibit 1



**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Environmental Enforcement Section*
*301 Howard Street*
*Suite 1050*
*San Francisco, CA 94105*

*Telephone (415) 744-6484*
*Facsimile (415) 744-6476*

October 3, 2014

via electronic mail

David J. Sablan
Chairman - Board of Directors
Commonwealth Utilities Corporation
Third Floor, Joeten Dandan Bldg.
PO Box 5051220
Saipan, MP 96950-1220

Alan W. Fletcher
Executive Director
Commonwealth Utilities Corporation
Third Floor, Joeten Dandan Bldg.
PO Box 5051220
Saipan, MP 96950-1220

James S. Sirok, Esq.
Commonwealth Utilities Corporation
Third Floor, Joeten Dandan Bldg.
PO Box 5051220
Saipan, MP 96950-1220

**Re:  *United States v. CUC and CNMI* - CV 08-0051**

Dear Chairman Sablan and Messrs. Fletcher and Sirok:

On September 26, 2014, the Honorable David O. Carter of the United States District Court executed an Order on Consent (Order) that established a framework for funding and implementing Stipulated Order Number Two (SO2). The entry of the Order was the culmination of years of discussion and became necessary due to the Commonwealth Utilities Corporation's (CUC) failure to comply with SO2 and the Commonwealth of the Northern Mariana Islands (CNMI) failure to meet funding obligations required by statute and otherwise. This letter will not focus on CUC's and CNMI's historical failings but seeks clarity on whether CUC and its

Exhibit 1 to Declaration of Bradley O'Brien
Page 1

Board of Directors (Board) intend in good faith to implement the Order and whether CUC and the Board will stand behind their statements made to the United States.

I voice this concern at this early juncture because within approximately two hours after the Order was entered, CUC stated that it is considering utilizing Smithbridge Guam (Smithbridge) to construct the CUC Pipeline (Pipeline). Alternatively, CUC inquired whether the Smithbridge contract could be transferred to and implemented by the Engineering and Environmental Management Consultant (EMC). Notwithstanding that CUC confirmed Smithbridge's poor work history and that the Board had expressly stated that Smithbridge would not be utilized as described below, the United States Environmental Protection Agency received the attached September 29 email from CUC relating to Smithbridge and the Pipeline. I find CUC's posturing disconcerting.

First, on the evening of September 24, Chairman Sablan requested a meeting with the United States to seek to bridge our settlement differences. The United States agreed to the meeting, which included the participation of Mr. Fletcher and Mr. Sirok. Chairman Sablan stated that he requested the meeting in order to impress upon the United States that CUC was embarking on a new direction, and that under the Board's supervision CUC would be operated soundly and that the United States could have comfort in the "new" operations. As it is an important SO2 issue, the United States asked Chairman Sablan whether CUC intended to seek to utilize Smithbridge for the Pipeline construction. Chairman Sablan unambiguously stated "No" and that the Board had firmly rejected CUC utilizing Smithbridge. Mr. Fletcher and Mr. Sirok did not disagree.

Second, CUC cannot disavow repeated statements made to the Court and to the United States describing Smithbridge's poor work and that Smithbridge would not be constructing the Pipeline. Nor can CUC challenge that its Pipeline designer and third party construction manager, Vanderpool Pipeline Engineers Inc., informed the Court that Smithbridge should be replaced due to lack of competency. Further, subsequent to the July 29 - 30 hearing, CUC informed the United States that Smithbridge may be found in default and on August 29 CUC issued a notice of default and termination to Smithbridge.

I would like to know if Chairman Sablan speaks for CUC and if his statements can be relied upon by the United States, and whether CUC will be following the Board's directions. I am also requesting that within five (5) days, in writing and signed jointly by the Executive Director of CUC and the Chairman of the Board, that CUC inform the United States whether CUC considers Smithbridge a viable option for constructing the Pipeline.

Very truly yours,

Bradley R. O'Brien

cc: Janet Magnuson
    Gretchen Busterud
    Mikel Schwab

Exhibit 1 to Declaration of Bradley O'Brien
Page 2

From: Andrew Longworth [mailto:andrew.longworth@cucgov.org]

Sent: Monday, September 29, 2014 4:51 PM

To: Rogow, Michelle

Subject: Smithbridge

Michelle,

Based on the issuance of the most recent Stipulated Order, CUC is reviewing its potential role related to the replacement pipeline project. To this end we are seeking further clarification and specification regarding several statement made by you in your letter transmitted to me/CUC of August 1, 2014.

Specifically I am kindly requesting the following from you:

Please identify with more clarity and specificity what you meant, or what specific personnel your were referring to, and define the qualifications and experience specifications you expected for each of the roles to be refilled, when you directed CUC to replace the "inadequate and ineffective personnel" on the pipeline project with "experienced pipeline supervision, construction and welding personnel", and further stated that "qualifications of the newly selected individuals must be provided to EPA".

Please clarify and specify and identify what you meant by the use of the term "issues with integration" when you directed CUC to provide "a plan to address issues with communication, quality, integration, cooperation, and resources".

Regards,

Andrew Longworth

Petroleum and Compliance Manager

Commonwealth Utilities Corporation

PO Box 501220

Saipan MP 96950-1220

Office: 670 322 4129

Cell: 670 783 0410

Exhibit 1 to Declaration of Bradley O'Brien
Page 3