James S. Sirok (F0124)
General Counsel
Commonwealth Utilities Corporation
Third Floor, Joeten Dandan Bldg.
P. O. Box 501220
Saipan, MP  96950
Tel:  (670) 236-4344, Fax: (670) 235-5131
James.sirok@cucgov.org

*Attorney for Defendant Commonwealth Utilities Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH UTILITIES CORPORATION and the COMMONWEALTH of the NORTHERN MARIANA ISLANDS,<br><br>Defendants. | CIVIL NO. 08-CV-0051<br><br>**CUC'S REPLY TO UNITED STATES' RESPONSE TO  MOTION TO CONSTRUE AND CLARIFY ORDER**<br><br>Judge: David O. Carter<br>Date:   (TBD)<br>Time:<br>Location: |

**REPLY**

COMES NOW, the Commonwealth Utilities Corporation ("CUC") and replies to the *United States' Response to CUC's Motion to Construe and Clarify Order* (Dkt. no. 168) as further set forth herein.

**A.  The United States' Response Shows that there is a Significant Difference of Opinion on How the Order is to be**

### Interpreted. This Supports the Need for the Court's Intervention to Construe and Clarify the Order

The Response of the United States to CUC's Motion provides ample proof of the need for the Court to intervene to construe and clarify the EEMC Order of September 26, 2014 (Docket no. 151). EPA states that the EEMC Order provides EPA a substantial role in <u>selecting the projects</u> that will be implemented by the EEMC. (Declaration of Michelle Rogow, ¶11; Docket no. 168-2 at pg. 5 of 20.)

The conduct of "selecting" the projects that will be implemented by the EEMC is drastically different than the conduct of "prioritizing" the projects that will be implemented by the EEMC. Simply put, there is no provision in the EEMC Order which clearly states that EPA has the ability to unilaterally select which SO2 projects the EEMC will implement and manage. On the other hand, the EEMC Order clearly provides that the EEMC "shall have authority for the complete management of SO2, including but not limited to the performance of existing or future contracts and projects. (EEMC Order ¶B.5.(a).)

The United States sets forth various paragraphs of the EEMC Order as support for the position that EPA has the ability to <u>select</u> the projects which will be implemented by the EEMC with further oversight on how the work is to be implemented by the EEMC. The paragraphs cited are B1, B2, B6 and D1(f). (See, Response at ¶II.A.3., pg. 5.) However, a close look at the language

contained in these paragraphs indicates that the language should be interpreted otherwise.

¶B1 provides that the EEMC shall implement SO2 subject only to EPA's prioritizing of the SO2 projects. This paragraph does not allow EPA to pick and choose which of the SO2 projects are to be implemented and managed by the EEMC. Similarly, ¶¶ B2 and B6 do not state that EPA has the authority, ability or responsibility to determine what SO2 projects CUC will implement or manage in lieu of the EEMC. ¶B6 does not give EPA the authority to direct implementation or management of a particular SO2 project away from the EEMC and over to CUC. Instead, this provision merely allows EPA to assume responsibility for performance of some of the work that would otherwise be performed by the EEMC. ¶D1(f) supports CUC's position that it is the EEMC that will implement an SO2 project and that EPA's involvement is only to approve the scope of work and the cost estimate for the project. EPA does not have the ability under this paragraph to unilaterally determine whether a project is to be implemented or managed by CUC instead of the EEMC.

**B. <u>The Speculative Nature of Remuneration Fund Deposits and Project Costs is not a Reason to Allow EPA to Unilaterally Shift the Burden of Implementation and Management of a Project from the EEMC to CUC.</u>**

It appears that the underlying theme of the Response of the United States is that the speculative nature of funding the Remuneration Fund and the costs of the various SO2 projects requires the EEMC Order to be

Case 1:08-cv-00051   Document 169   Filed 12/15/14   Page 4 of 7

interpreted to mean that EPA is able to unilaterally assign certain SO2 projects to the EEMC for implementation and management. (See generally, Response, Docket no. 168, at pgs. 8-10 of 13.) However, this is not reason for EPA to remove from the EEMC the responsibility to implement and manage all SO2 contracts and projects, existing or future. The EEMC Order clearly provides that any party, or the EEMC, at any time, may apply to the Court for instructions and/or modification of the Order, "and may seek instructions as to whether funds should be expended for a particular purpose". EEMC Order ¶C2.

Simply put, under ¶C2 and G2, the EEMC or EPA can apply to the Court for further instructions on the implementation and/or management of certain SO2 projects if it appears that funding for the projects becomes an issue. This includes the ability to apply for a modification of the EEMC Order taking the responsibility for implementation and/or management of the project(s) away from the EEMC and shifting that burden back to CUC. CUC submits that the difference of opinion on this issue is reason enough for CUC's Motion to be granted thereby invoking the Court's jurisdiction to construe and clarify what the responsibilities of the EEMC would be if project funding is exhausted. For the EPA to conclude that the speculative and uncertain nature of EEMC funding and projects costs means that, under the EEMC Order, it has the sole ability to determine and dictate to the EEMC which SO2 projects are to be implemented or managed by the EEMC and which projects are to be

*Reply to US' Response to CUC's Motion to Construe Order, Page 4 of 7*

implemented, managed and paid for by CUC, is improper without further instructive guidance from the Court.

## C. **EEMC's has the Authority to Assume CUC's Contracts.**

The United States agrees that the EEMC has the authority to assume CUC's contracts if the EEMC and the contractors agree. (Response, Docket no. 168 at pg. 12 of 13.) This statement should also be taken, then, for the position that EPA is not the entity which has the ability to unilaterally decide which existing contract or project the EEMC should assume. As the United States points out, the assignment of an existing contract to the EEMC should be the result of discussions between CUC, the contractor, and the EEMC. In fact, CUC does not object to the involvement of EPA in these discussions. What CUC objects to is EPA's interpretation of the EEMC Order to mean that it can unilaterally select which SO2 projects will be implemented by the EEMC. There is no provision in the EEMC Order which grants to EPA the power or authority to unilaterally make this decision.

## D. **CONCLUSION**

There is now a clear difference of opinion between EPA and CUC on how the EEMC Order is to be interpreted. The Court has continuing jurisdiction to "construe" the EEMC Order (EEMC Order, ¶¶ C2 and G2). It is crucial that all parties, and the selected EEMC, understand the scope of the EEMC's duties and responsibilities prior to the EEMC performing services pursuant to the Order. If these responsibilities are not clarified, and if the relevant provisions of

the Order are not construed prior to the appointment of an EEMC, it is highly likely that the EEMC will have a third opinion of what its implementation and management responsibilities are.

The Response of the United States, that the motion should simply be denied without any action on the part of the Court to construe or clarify this important aspect of the Order, ignores completely the fact that there is a substantial difference of opinion on how the EEMC Order is to be interpreted. A denial of the Motion will surely lead to further conflict between EPA and CUC over the role of EPA under the EEMC Order after an EEMC is appointed. It will also lead to uncertainty within CUC with respect to future financial planning and rate making.  If CUC does not know in advance what SO2 projects it may be called upon to implement and manage, and be required to pay for out of its operation funds, it cannot forecast expenditures for financial planning. Further, if CUC is required to spontaneously take on the responsibility to implement, manage and fund SO2 projects which have not been financially planned for at the sole discretion of EPA, this could have an impact on the solvency of CUC as well as its ability to comply with all SO1 and SO2 Orders. CUC's sole source of guaranteed revenue to pay for these projects is rate revenue.

If the motion is granted, and the Court sets a hearing where the issue of the EEMC's role in implementing and managing existing and future contracts and projects can be discussed and resolved, the process will be beneficial to the Court, the parties and the EEMC.  CUC submits that it is for this very reason

that ¶¶ C2 and G2 are set forth in the EEMC Order. These provisions are in place as a mechanism to fix problems, not to prolong them.

The fact that the language of these two provisions allows "any party, at any time," to apply to the Court implies, by its plain meaning, that these provisions should be liberally construed to allow any party to invoke the Court's jurisdiction for the purpose of clarifying and construing and interpreting portions of the Court's EEMC Order when there is a clear substantial difference of opinion between the parties over how relevant provisions of the Order are to be interpreted.

Respectfully submitted this 15th day of December, 2014.

/s/ James S. Sirok
James S. Sirok
Legal Counsel, CUC