F I L E D
Clerk
District Court

JAN 12 2015

for the Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT FOR
THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH UTILITIES CORPORATION, and the COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS,<br><br>Defendants. | Case No. 08-cv-0051<br><br>**ORDER RE: MOTION TO CLARIFY [162]** |

*ORDER RE: MOTION TO CLARIFY*
*United States v. CUC, et al. 08-CV-0051*
*- 1 -*

Before the Court is Commonwealth Utilities Corporation's ("CUC") Motion to Construe and Clarify Order ("Motion") (Dkt. 162). Oral argument on this matter was held on January 7, 2015. Upon consideration of the parties' arguments, the Court finds as follows:

## I.   BACKGROUND

On September 25, 2014, the Court entered an order establishing an Engineering and Environmental Management Company ("EEMC") for all Stipulated Order Number Two ("SO2") requirements and activities (the "Order") (Dkt. 151). The present Motion seeks an order "construing, clarifying and enforcing the provisions of the Order as they relate to the management responsibilities of the EEMC over the various projects directed and mandated by SO2." Mot. at 2.

Central to the purported dispute is whether the EEMC is required "during the term of its contract, to be responsible for the implementation and management of all thirteen SO2 projects" listed in a preliminary cost estimate created by the parties, besides those given to the Technical Manager for Oil ("TMO"). Mot. at 3. CUC argues that it is, and that the EPA cannot unilaterally direct CUC to complete any of these projects. The United States disputes CUC's characterization of the Order, in so far as it takes the position that EPA does not have the authority to direct whether the EEMC, CUC, or EPA will implement SO2 projects, depending on the circumstances.

## II.   EEMC Order

On September 25, 2014, the Parties requested the Court to enter a proposed order setting forth a resolution of certain claims related to SO2. Order Re. Joint Stipulation among the United States, CUC, and CNMI ("Order"). Under its broad authority, the Court established an Engineering and Environmental Management Company ("EEMC"), responsible for "all SO2 requirements and activities." Order at 1. It vested the EEMC "with the power and authority to achieve expeditious compliance with SO2." *Id.*

Under the Order, the parties were responsible for selecting up to five potential EEMC candidates. On December 4th the parties jointly proposed three EEMC candidates for the Court's consideration (Dkt. 156). On December 15-16, the Court interviewed three EEMC candidates. On December 23, 2014, the Court formally appointed Gilbane Federal ("Gilbane") as the EEMC. Appointment Order (Dkt. 171).

"Subject to EPA prioritizing SO2 projects," and after "consultation between the EPA and CUC," the EEMC "shall implement SO2." Order § B.1. The Order "does not modify, preclude, or impact any SO2 requirements. Depending on which entity is performing the work, the EEMC and CUC must comply with all SO2 requirements." Order § B.2. EPA retains the authority to perform work that would otherwise be performed by the EEMC. Order § B.6. Except as otherwise provided in the Order, the EEMC shall have the authority for the complete management of SO2, including the performance of existing or future contracts. Order § B.5(a).

Pursuant to the EEMC Order, the Court retains jurisdiction to enforce the provisions of the Order and to enter further orders "to effectuate the purposes of the Order." Order § G.1. It also retains jurisdiction "to enable any party…to apply to this Court at any time for further orders and directions to construe the EEMC Order, to modify any of its provisions, to enforce compliance, and to punish violations." Order § G.2.

**III.    ANALYSIS**

  **A. General**

CUC asks this court to clarify two matters: (1) whether the Tank 102 project should be included as part of the EEMC's duties when the EEMC is engaged by the Court and (2) whether the EPA has the authority to direct that the EEMC need not implement all of the thirteen projects listed in the parties' rough estimate of costs, and may demand that CUC, rather than the EEMC, be responsible for completing work.

The Government responds that "flexible project implementation is necessary to address priorities and available funding." Opp'n (Dkt. 168) at 6. The list of thirteen, the Government notes, was not included in the final order, nor does it restrict the EPA's authority in determining which projects will be implemented by the EEMC. Further, the Government emphasizes that the CUC has remaining responsibilities under SO2 that are not negated by the Order, including Tank 102 and additional contracts.

While the original cost projection was ostensibly based upon the thirteen SO2 projects highlighted by the CUC, actual project costs are subject to great uncertainty. Therefore, whether one high priority project (such as the CUC pipeline) exceeds the estimated cost may impact how much work can be accomplished on the other "twelve projects" with the remaining available funds. Further contingencies may also impact what projects need to be completed at what date – unforeseen projects may take precedence over the priorities currently envisioned.

The thirteen projects listed on the rough cost projection, while not included in the order, constitute initial priorities to be completed under SO2. Considering the Order and the parties' argument, the court finds that it is presumed that the EEMC take responsibility for these projects, absent an exception. There are a number of exceptions that may demand a separate entity work on a project – primary among them is cost. If there are concerns that there are insufficient funds available to complete a project, the EPA may notify the Court of these constraints.

Additionally, if CUC had firmly established contractual and funding obligations under SO2, **the EEMC order does not vitiate these prior responsibilities**. Order § B.2. As such, the EEMC is not required to work on a project for which CUC has an existing obligation absent an agreement both as to CUC's existing funding obligation (how much is remaining and how much will be transferred to the EEMC) and any remaining contracts at issue. The Government cannot, however, unilaterally direct that

*ORDER RE. MOTION TO CLARIFY*
*United States v. CUC, et al. 08-CV-0051*
*- 3 -*

CUC take responsibility for a project for which there was not an existing contract or designated funding source.

### B.  Tank 102

CUC argues that the EEMC should manage the Tank 102 project. The Government responds that the Order does not make the EEMC solely responsible for the implementation of CUC's thirteen projects. In fact, the parties seemed to understand previously that Tank 102 was explicitly carved out of the EEMC's duties. Decl. of Michelle Rogow Ex. 1. In the spreadsheet Project Cost Summaries, the CUC explicitly wrote with regard to Tank 102 that it was "CUC SCOPE-NOT EEMC," and that the total estimate for "EEMC Responsible Projects (i.e. not Tank 102)" was $9.5 million. *Id.* Ex. 1. CUC now disputes that position, seeking to hand over its responsibilities under existing agreements to the EEMC, while retaining funding previously earmarked for the project to use for its own general operating expenses.

The Court believes that Tank 102 is a priority project that should be completed by the EEMC. Several factors, however, make implementation of this arrangement difficult. CUC is under contract with another contractor for the construction of Tank 102. Furthermore, CUC had set aside sufficient grant and CUC funding for the project but refuses to commit that funding to Tank 102 if the Project is completed by the EEMC. It is inequitable and detrimental to SO2 for CUC to shift *all* of the Tank 102 funding back to its general fund, by virtue of the EEMC Order. As such, absent agreement, the Court finds that Tank 102 must remain the responsibility of CUC.

### C.  Additional Contracts

With regard to additional CUC contracts, while the EEMC may have the *authority* for the complete management of SO2, including any existing CUC contracts and projects, that authority is still subject to CUC's existing contractual responsibilities, the prioritization of the EPA, and the input of the EEMC. The EEMC may, not must, take over the management of the existing projects. CUC cannot unilaterally impose

existing contractual obligations on the EEMC or its contractors. The Order plainly anticipated some dual responsibilities ("depending on which entity is performing the work, the EEMC and CUC must comply with all SO2 requirements."). Order § B.2. Thus, absent independent agreement or Order, CUC retains these obligations even upon the commencement of EEMC activities.

In the Government's sur-reply (Dkt. 173), filed on January 3, it argues that CUC is attempting to require the EEMC to take responsibility for CUC's contracts and evade financial obligations. It asks that the Court require **a full accounting** from CUC of all funding for all past, current, and future SO2 projects. *Id.* at 2-3. CUC has indicated that it is willing to provide updated information to the Government in order to cooperate with the request. The Court therefore finds the request premature.

### IV.   Disposition

With regard to the Motion to Construe and Clarify, the Court finds as follows:

- The EEMC has the authority to implement all requirements under SO2. Given this authority, it is *presumed* that the EEMC will be the contractor for the thirteen prioritized project initially listed in the parties' cost estimates. This presumption is rebuttable, however, based on the circumstances, including funding and existing contractual and funding obligations of the CUC. Notably, the EEMC is not obligated under the terms of the EEMC order to take responsibility for existing CUC contracts/obligations absent:

  - (1) an agreement regarding CUC's existing funding obligations, and
  - (2) resolution of CUC's prior contractual obligations.

  Under the Order, CUC therefore remains responsible for projects for which it has existing contracts or firm funding obligations.

- Parties are Ordered to Meet and Confer regarding the substance of the Government's sur-reply. A Status Conference will be held in one week, on

*ORDER RE. MOTION TO CLARIFY*
*United States v. CUC, et al. 08-CV-0051*

**Wednesday, January 21, at 4:30 P.M.** to discuss whether the

Government has received adequate disclosures.

Dated: January 12, 2015

_____
The Honorable David O. Carter
United States District Judge